# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEREK S. WILLIAMS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| | Civil Action |
| v. | No. 18-cv-14572(JBS-AMD) |
| CAMDEN COUNTY (PRISON) – CCCF CORRECTIONAL FACILITY, LIEUTENANT DANFORD, and SGT. JONES, | **OPINION** |
| Defendants. | |

APPEARANCES:

Derek S. Williams, Plaintiff Pro Se
1563 Beverly Road
Philadelphia, PA 19138

**SIMANDLE, United States District Judge:**

I.  <u>**INTRODUCTION**</u>

1.   Plaintiff Derek S. Williams seeks to bring a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Camden County Prison (Prison) – CCCF Correctional Facility ("CCCF"), Lieutenant Danford ("Danford"), and Sgt. Jones ("Jones") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.   Plaintiff seeks to bring this civil action without prepayment of fees or security. Docket Entry 1-3. Based on

Plaintiff's affidavit of indigency, the Court will grant his application to proceed *in forma pauperis*.

3.   At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

4.   For the reasons set forth below, the Court will: (a) dismiss with prejudice Plaintiff's claims against CCCF, on the grounds that CCCF is not a "person" within the meaning of 42 U.S.C. § 1983 (28 U.S.C. § 1915(e)(2)(b)(ii)); (b) dismiss with prejudice Plaintiff's allegations of unconstitutional conditions of confinement during the confinement period April 20, 2015 – August 21, 2015, on the grounds that such claims are barred by the applicable two-year statute of limitations and therefore fail to state a claim (28 U.S.C. § 1915(e)(2)(b)(ii)); (c) dismiss without prejudice Plaintiff's unconstitutional conditions of confinement claims as to overcrowding, food, and unsanitary conditions, during the confinement period March 10, 2017 – March 14, 2017, on the grounds that those allegations fail to state a claim (28 U.S.C. § 1915(e)(2)(b)(ii)); and (d) grant Plaintiff leave to amend the Complaint within 30 days of the date that this Opinion and accompanying Order are entered on

the docket, in the event Plaintiff elects to address the
pleading deficiencies described in this Opinion.

## II.  <u>BACKGROUND</u>

5.    The Complaint alleges that Plaintiff "was subjected to
unsafe and unsanitary crowded living conditions which resulted
in crowded/overcrowded housing and sleeping quarters." Complaint
§ III(C). Plaintiff states that he "was placed in a cell that
accommodated two inmates [but] at all times housed four
inmates." *Id*. Plaintiff states that these events occurred
"4/30/2015 – 8/21/2015" and "3/10/2017 – 3/14/2017." *Id*. §
III(B). Plaintiff states that he sustained "no injuries, but
[the conditions] caused high level of intense frustration,
anxiety and lack of sleep." *Id*. § IV. He seeks "compensation for
emotional distress [and] pain and suffering." *Id*. § V.

## III. <u>STANDARD OF REVIEW</u>

6.    Section 1915(e)(2) requires a court to review
complaints prior to service of the summons and complaint in
cases in which a plaintiff is proceeding *in forma pauperis*. The
Court must *sua sponte* dismiss any claim that is frivolous, is
malicious, fails to state a claim upon which relief may be
granted, or seeks monetary relief from a defendant who is immune
from such relief. This action is subject to *sua sponte* screening
for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff
is proceeding *in forma pauperis*.

7.    To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

### A.    Claims Against CCCF: Dismissed With Prejudice

8.    Plaintiff brings his Complaint against "Camden County (Prison) – CCCF Correctional Facility." Complaint at 1. The Complaint alleges that Plaintiff experienced unconstitutional conditions of confinement while confined at "Camden County Correctional Facility - Jail." Complaint § III(B).

9.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State .

4

rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

10. Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while

---

. . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

exercising his responsibilities pursuant to state law." *Id.*
at 50.

11.  Plaintiff seeks monetary damages from defendants for
allegedly unconstitutional conditions of confinement. Complaint
§ V. However, neither Camden County Correctional Facility nor
Camden County Jail (*see* Complaint at 1 and 3) are a "person"
within the meaning of § 1983. Because the Complaint has not
sufficiently alleged that a "person" deprived Plaintiff of a
federal right, the Complaint does not meet the standards
necessary to set forth a *prima facie* case under § 1983.
Therefore, the claims against these entities must be dismissed
with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116
(3d Cir. 2016) ("[T]he prison is not an entity subject to suit
under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d
991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr.
Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional
facility is not a "person" under § 1983).

12.  Plaintiff may be able to amend the Complaint to name a
person or persons who were personally involved in the alleged
unconstitutional conditions of confinement, however. To that
end, the Court shall grant Plaintiff leave to amend the
Complaint within 30 days of the date that this Opinion and
accompanying Order are entered on the docket.

**B. Claims Regarding (a) Overcrowded Conditions of Confinement, (b) Food, and (c) Unsanitary Conditions: Dismissed With Prejudice As To Confinements From Which Plaintiff Was Released Prior To October 2, 2016**

13.  Several of the claims set forth in the Complaint are time-barred under the pertinent statute of limitations and must be dismissed with prejudice on that basis. The present Complaint was filed on October 2, 2018.

14.  First, Plaintiff alleges that he "was subjected to … overcrowded housing and sleeping quarters" and "was placed in a cell that accommodated two inmates [but] housed four inmates at all times." Complaint § III(C). (Plaintiff's overcrowded conditions of confinement claims as to confinements from which he was released prior to October 2, 2016 are referred to in this Opinion as the "Expired Overcrowding Claims.")

15.  Second, Plaintiff seeks "compensation for emotional distress and pain and suffering caused by … food services." Complaint § V. The Complaint does not allege any facts detailing the allegedly inferior food issues. (Plaintiff's food claims as to confinements from which he was released prior to October 2, 2016 are referred to in this Opinion as the "Expired Food Claims.")

16.  Third, Plaintiff seeks "compensation for emotional distress and pain and suffering caused by … poor ventilation[,] sleeping with rodents [and] exposure to mice dropping on bedding

[and] food." Complaint § V. The Complaint does not allege any facts regarding ventilation or rodents, such as incident dates or involved persons. Plaintiff's unsanitary conditions claims as to confinements from which he was released prior to October 2, 2016 are referred to as the "Expired Unsanitary Conditions Claims.")

17.  Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within <u>two years</u> of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

18.  In this case, the allegedly unconstitutional conditions of confinement, namely the purported overcrowding, inferior food, and unsanitary living conditions, would have been immediately apparent to Plaintiff at the time of detention; therefore, the statute of limitations for Plaintiff's claims arising from his 2015 confinement expired in August 2017 at the latest, well before his Complaint was filed on October 2, 2018. (Docket Entry 1.) Plaintiff has filed this lawsuit too late. Although the Court may toll, or extend, the statute of

limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of Plaintiff's cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing the claim, and there is nothing to indicate Plaintiff filed the claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

19. As it is clear from the face of the Complaint that more than two years have passed since Plaintiff's Expired Overcrowding Claims, Expired Food Claims, and Expired Unsanitary Conditions Claims accrued, the Complaint is dismissed with prejudice as to those claims. Complaint § III(B). *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

C.  **Claims Regarding (a) Overcrowded Conditions of Confinement, (b) Food, and (c) Unsanitary Conditions: Dismissed Without Prejudice As To Confinements From Which Plaintiff Was Released On Or After October 2, 2016**

20. Overcrowding, food, and unsanitary conditions claims set forth in the Complaint (Complaint § III(C)) as to Plaintiff's incarceration during the period "March 10, 2017 – March 14, 2017" (*id*. at § III(B)) each fail to state a claim

upon which relief may be granted and must be dismissed without prejudice on that basis, for the reasons explained below.

>    **1.  Claims of Overcrowding**

21.  The Complaint states that Plaintiff was housed with three other inmates in a cell designed for two people and that, as a result, he was "placed on a cold cement floor with a mat to sleep." Complaint § III(C). (Plaintiff's overcrowding claims as to confinements from which he was released on or after October 2, 2016 are referred to as the "Overcrowding Claims.")

22.  This Court dismisses the Overcrowding Claims for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii). The Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. The Court accepts as true for screening purposes only the statements in Plaintiff's Complaint, but there is not enough factual support for the Court to infer that an unconstitutional overcrowding violation has occurred.

23.  To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir.

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

24.    A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

25.    However, even construing the Complaint in this case as seeking to bring a civil rights complaint pursuant to 42 U.S.C.

---

2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

§ 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation of overcrowding has occurred with regard to the 2017 confinement at Camden County Jail.

26. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) ("*Hubbard II*") (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them") (citing *Union Cnty. Jail Inmates v. DiBuono*, 713 F.2d 984, 992 (3d Cir. 1983) (quoting *Bell*, 441 U.S. at 542)). Some

relevant factors are the length of the confinement in 2017
(which was only four days), whether plaintiff was a pretrial
detainee or convicted prisoner, any specific individuals who
were involved in creating or failing to remedy the conditions of
confinement, any other relevant facts regarding the conditions
of confinement, etc. Pleading no more than temporary discomfort,
Plaintiff fails to demonstrate that these conditions of his
confinement in 2017 rose to the level of a constitutional
violation.

27.   Accordingly, the Overcrowding Claims will be dismissed
without prejudice, with leave to amend the Complaint, within 30
days after the date this Opinion and Order are entered on the
docket, to meet the pleading deficiencies noted above. If
Plaintiff wishes to pursue the Overcrowding Claims, he bears the
burden of supplying the facts of the claims, as discussed above.
*Mala*, 704 F.3d at 245; *Pliler v. Ford*, 542 U.S. 225, 231 (2004).
The amended complaint may not adopt or repeat claims that have
been dismissed with prejudice by the Court in this Opinion and
the accompanying Order.

**2.   Food Claims**

28.   As to Plaintiff's contentions about food during his
2017 confinement, the Complaint states only that he suffered
"emotional distress [and] pain and suffering caused by … food
services." Complaint § V. (Plaintiff's food claims arising out

13

of confinements from which he was released on or after October 2, 2016 are referred to as the "Food Claims.")

29. This Court dismisses the Food Claims for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii). The present Complaint does not allege any facts whatsoever to support such claims.

30. A failure of prison officials to provide minimally civil conditions of confinement to pre-trial detainees violates their right not to be punished without due process of law. *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Pursuant to the Fourteenth Amendment's Due Process Clause, prison officials must satisfy "basic human needs[,]" such as food. *Helling v. McKinney*, 509 U.S. 25, 32 (1993). *See also Mora v. Camden Cnty.*, No. 09-4183, 2010 WL 2560680, at *8 (D.N.J. June 21, 2010) (applying *Helling* to pretrial detainee). However, "a detainee seeking to show unconstitutional conditions of confinement must clear a 'high bar' by demonstrating 'extreme deprivations.'" *Cartegena v. Camden Cnty. Corr. Facility*, No. 12-4409, 2012 WL 5199217, at *3 (D.N.J. Oct. 19, 2012) (citation omitted).

31. "[C]orrections officials may not be held liable [as to food claims] unless the inmate shows both an objective component (that the deprivation was sufficiently serious) and a subjective

14

component (that the officials acted with a sufficiently culpable state of mind)." *Duran v. Merline*, 923 F. Supp.2d 702, 719-20 (D.N.J. 2013) (citation omitted).

32.  Objectively, "[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation." *Duran*, 923 F. Supp.2d at 720 (citation omitted).

33.  Plaintiff has not satisfied this objective requirement. "[I]solated instances of contaminated or spoiled food, while certainly unpleasant, are not unconstitutional." *Duran*, 923 F. Supp.2d at 720 (citation omitted). Here, the Complaint does not contend that CCCF frequently served Plaintiff spoiled or otherwise inferior food, that a significant portion of Plaintiff's diet consisted of such food, or that the supposed substandard fare caused more than temporary discomfort. Complaint § V. Furthermore, Plaintiff's exposure to substandard food for less than one week in 2017 (Complaint § III(B)) cannot establish the requisite prolonged period of deprivation for a constitutionally substantial violation.

34.  Furthermore, Plaintiff has not alleged that CCCF officials possessed the requisite culpability to satisfy the subjective component of the constitutional analysis. As noted above, Plaintiff must establish that CCCF officials acted with "deliberate indifference" to his needs, meaning that they were

15

subjectively aware of the alleged conditions and failed to reasonably respond to them. *Duran*, 923 F. Supp.2d at 721 (citations omitted).

35.   For these reasons, the Complaint fails to state a claim for which relief may be granted. The Food Claims will be dismissed without prejudice, with leave to amend the Complaint, within 30 days after the date this Opinion and Order are entered on the docket, to meet the pleading deficiencies noted above. If Plaintiff wishes to pursue the Food Claims, he bears the burden of supplying the facts of the claims, as discussed above. The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and the accompanying Order.

### 3.   Claims of Unsanitary Conditions

36.   As to claims of unsanitary conditions while confined, Plaintiff states only that he suffered "emotional distress [and] pain and suffering caused by … poor ventilation[,] sleeping with rodents [and] exposure to mice dropping on bedding, food." Complaint § V. (Plaintiff's food claims as to confinements from which he was released on or after October 2, 2016 are referred to as the "Unsanitary Conditions Claims.")

37.   When a pretrial detainee complains about the conditions of his confinement, courts are to consider, in accordance with the Fourteenth Amendment, whether the conditions

"amount to punishment prior to an adjudication of guilt in accordance with law." *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005) ("*Hubbard I*"). In making such a determination, courts consider: (a) whether any legitimate purposes are served by the conditions at issue, and (b) whether those conditions are rationally related to those purposes. *Hubbard II*, 538 F.3d at 232 (quoting *DiBuono*, 713 F.2d at 992). Courts must inquire as to whether the conditions "'cause [detainees] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Hubbard I*, 399 F.3d at 159-60 (citations omitted).

38.   The objective component of unconstitutional punishment analysis examines whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citations omitted).

39.   Here, the Unsanitary Conditions Claims do not surmount this constitutional analysis. Plaintiff's vague and unsupported allegations of "poor ventilation," "sleeping with rodents," and "exposure to mice dropping on bedding, food" (Complaint § V) are insufficient to satisfy either the objective or subjective components of Fourteenth Amendment Due Process.

40. As to the objective prong of the test, Plaintiff does not offer any facts that are necessary to show that he was subjected to genuine privation and hardship over an extended period of time. While unsanitary living conditions may give rise to a conditions of confinement claim, the Complaint here expresses nothing but Plaintiff's displeasure with less than perfect jail conditions. (Complaint § V)). Plaintiff does not offer any facts that are necessary to demonstrate that the supposed ventilation and rodent conditions potentially jeopardized his health or in fact caused any injuries. The Complaint fails to demonstrate that his housing conditions were imposed as "punishment." Courts have, in fact, "routinely recognized that '[k]eeping vermin under control in jails, prisons and other large institutions is a monumental task, and that failure to do so, without any suggestion that it reflects deliberate and reckless conduct in the criminal law sense, is not a constitutional violation." *See*, *e.g.*, *Holloway v. Cappelli*, No. 13-3378, 2014 WL 2861210, at *5 (D.N.J. June 24, 2014) (citations omitted). On the other hand, if a corrections official deliberately and sadistically exposed a pretrial detainee to seriously infested conditions such as rats, not alleged here, a constitutional cause of action would exist.

41. As to the subjective prong, Plaintiff has failed to allege facts showing, or from which this Court could infer, that

any defendants were aware of, and disregarded, a substantial risk to Plaintiff's health and safety from the purported ventilation and rodent situations. The Complaint is void of facts showing, by way of example, that any defendants either ignored the alleged mice at CCCF or denied Plaintiff medical treatment for any health injuries arising from supposed ventilation issues. As such, Plaintiff's displeasure with the purported ventilation and rodent situations is not actionable; there are no facts indicating any defendants acted with a culpable state of mind.

42.   Accordingly, Plaintiff's Unsanitary Conditions Claims will be dismissed without prejudice, with leave to amend the complaint, within 30 days after the date this Opinion and Order are entered on the docket, to meet their deficiencies as noted herein, if Plaintiff elects to pursue these claims, concerning his 2017 confinement.

### 4.   Claims Against Individual Defendants

43.   Finally, even construing the Complaint to allege claims against Danford and Jones (Complaint at 1), such claims must be dismissed without prejudice because the Complaint does "[not] allege[] any personal involvement by [the individual defendants] in any constitutional violation – a fatal flaw, since 'liability in a § 1983 suit cannot be predicated solely on the operation of *respondeat superior*.'" *Baker v. Flagg*, 439 F.

App'x 82, 84 (3d Cir. 2011) (citation omitted). "[Plaintiff's]
complaint contains no allegations regarding [the individual
defendants]. 'Because vicarious liability is inapplicable to §
1983 suits, a plaintiff must plead that each Government-official
defendant, through the official's own individual actions, has
violated the Constitution.' Thus, [plaintiff] failed to state a
claim against [the individual defendants]." *Bob v. Kuo*, 387 F.
App'x 134, 136 (3d Cir. 2010) (citation omitted). Accordingly,
Plaintiff's Overcrowding Claims, Food Claims, and Unsanitary
Conditions Claims against Danford and Jones arising in 2017 must
be dismissed without prejudice.

## V.  **CONCLUSION**

44.  Plaintiff may be able to amend the Complaint to
particularly identify adverse conditions in his 2017 confinement
that were caused by specific state actors, that caused him to
endure genuine privations and hardship over an extended period,
and that were excessive in relation to their purposes. To that
end, the Court grants Plaintiff leave to amend the Complaint
within 30 days after the date this Opinion and Order are entered
on the docket.[4]

45.  Plaintiff is further advised that any amended
complaint must plead specific facts regarding the alleged 2017

---

[4] The amended complaint shall be subject to screening prior to
service.

conditions of confinement. In the event Plaintiff files an amended complaint, he must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

46. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

47. For the reasons stated above, the Complaint is:

a. Dismissed with prejudice as to the CCCF, on the grounds that CCCF is not a "person" within the meaning of 42 U.S.C. § 1983 and the Complaint thus fails to state a claim as to that defendant, 28 U.S.C. § 1915(e)(2)(b)(ii);

b. Dismissed with prejudice as to the Expired Overcrowding Claims, Expired Food Claims, and Expired Unsanitary

Conditions Claims concerning the 2015 confinement, on the grounds that such claims are barred by the statute of limitations and therefore fail to state a claim, 28 U.S.C. § 1915(e)(2)(b)(ii); and

    c.    Dismissed without prejudice as to the Overcrowding Claims, Food Claims, and Unsanitary Conditions Claims concerning his 2017 confinement, as such claims fail to state a claim, 28 U.S.C. § 1915(e)(2)(b)(ii).

    48.    An appropriate order follows.


**October 10, 2018**          **s/ Jerome B. Simandle**
Date                        JEROME B. SIMANDLE
                            United States District Judge